IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2009 JUN 19 AM 11: 29
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | |
|---|---|
| ROBERTA ROBERTS,<br>　　　Plaintiff<br><br>v.<br><br>ACCOUNTS RECEIVABLE<br>MANAGEMENT, INC., d/b/a<br>NEW JERSEY ACCOUNTS<br>RECEIVABLE MANAGEMENT, INC.,<br>　　　Defendant | §<br>§<br>§<br>§  CIVIL ACTION NO. A09CA 474 SS<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Introduction

1.  This is an action for actual and statutory damages brought by plaintiff, Roberta Roberts, an individual consumer, against defendant, Accounts Receivable Management, Inc., d/b/a New Jersey Accounts Receivable Management, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### Jurisdiction

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### Parties

3.  Plaintiff Roberta Roberts is a natural person residing in the Western District of Texas, Austin Division.

1

4. Defendant Accounts Receivable Management, Inc., d/b/a New Jersey Accounts Receivable Management, Inc. is a company engaged in the business of collecting debts in this state. The principal purpose of defendant is the collection of debts and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

**Factual Background**

6. By letters dated May 5, 2009, plaintiff received two letters at her home address from defendant. The letters were attempts to collect debts under federal law. The letters refer to two separate account numbers, with two different amounts allegedly owing, to the same creditor, Northstar Capital Acquisition.

7. By letters dated May 13, 2009, counsel for plaintiff faxed defendant letters pursuant to the federal debt collection laws. One letter was sent for each such alleged account. Counsel notified defendant that the alleged debts were disputed by plaintiff, who has never done business with Northstar Capital Acquisition, or any company related thereto. Counsel requested verification of the debts and requested that defendant not further contact plaintiff.

8. Specifically, in the letters plaintiff's counsel notified defendant as follows:

<u>Pursuant to law, please do not communicate with my client in any fashion. Please direct all further correspondence concerning this matter or any other alleged debt my client may owe to me. You are no longer authorized to attempt to communicate with my clients concerning this alleged debt or any other alleged debt owed. If you do so, after receiving this notice, I will consider that a violation of my clients' rights under the federal and state fair debt collection laws. Also, if you turn this matter over to a credit reporting company, I will consider that a violation of law as well.</u>

9. Even though plaintiff's counsel faxed said letters on May 13, 2009, and even though the faxes were delivered to defendant, defendant began making harassing telephone calls to plaintiff after receipt of the letters. Defendant was demanding payment of the alleged debts referred to in the debt collection letters.

10. The calls were made to plaintiff at her home in Travis County, Texas.

11. The alleged debts of plaintiff identified by defendant in the phone calls was allegedly incurred for personal, family, or household services.

12. As a result of the acts above, plaintiff suffered compensable damages.

### **Claims for Relief**

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(A) Defendant failed to send plaintiff a validation notice within five days of the initial communication, either written or oral.

(B) After plaintiff requested validation of the debt, defendant continued collection activities.

(C) Defendant's communication contained a false impression of the character, amount, or legal status of the alleged debt.

(D) Defendant used false, deceptive, or misleading representations or means in connection with the debt collection.

(E) Defendant attempted to collect an amount not authorized by any agreement creating a debt.

(F) Defendant's communication creates confusion about the plaintiff's rights.

3

(G) Defendant used unfair or unconscionable means to attempt to collect the alleged debt.

(H) Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt,

(I) Defendant contacted plaintiff after plaintiff requested that defendant cease communications with plaintiff,

(J) Defendant communicated with plaintiff after knowing plaintiff was represented by an attorney with respect to an alleged debt,

(K) Defendant communicated with plaintiff after defendant was told not to communicate with plaintiff,

(L) Defendant is unfairly attempting to collect amounts of money which are not expressly authorized by the alleged agreement creating the alleged debt.

14. As a result of the foregoing violations of the FDCPA, defendant is liable to plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**Prayer**

15. ACCORDINGLY, plaintiff requests that judgment be entered against defendant for the following:

A. Declaratory judgment that defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. §1692k;

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CREWS LAW FIRM, P.C.
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)


By: _____
    Joe K. Crews
    State Bar No. 05072500

ATTORNEYS FOR PLAINTIFF

5